UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                        Case No.  8:02-cr-110-T-23MSS
                                                    8:05-cv-1154-T-23MSS
MOHAMMAD OUSMAN
_____/


**O R D E R**

 Mohammad Ousman's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for drug trafficking and 188-month sentence.   The motion is time-barred.

 A motion to vacate must be reviewed prior to service on the United States.  *See* Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States.  28 U.S.C. § 2255.  *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Dockets.Justia.com

entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Ousman has filed his motion to vacate sentence beyond the statutory limitations period. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Ousman's direct appeal concluded on February 18, 2004, when the circuit court rejected his challenge to the sentence. The limitations period did not commence until ninety days later upon expiration of the time to file a petition for the writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original). Consequently, the limitations period commenced on May 19, 2004 (February 18th plus 90 days) and expired on May 19, 2005. Ousman signed the motion to vacate sentence on June 16, 2005, nearly one month too late.

Ousman appears to erroneously believe that the 90-day period for seeking certiorari review starts from the date the mandate issues. If true, the motion to vacate

would be timely.  But the date of entry of judgment controls and not the date the mandate issues.  "In accord with this Court's consistent understanding of finality in the context of collateral review, and the weight of lower court authority, we reject the issuance of the appellate court mandate as the triggering date."  *Clay v. United States*, 537 U.S. at 524-25.  Because Ousman did not commence this proceeding until after the expiration of the one-year limitations period, the motion to vacate sentence is time-barred.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.  The clerk shall **ENTER A JUDGMENT** against Ousman and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 24, 2005.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

SA/ro